THE PENNSYLVANIA RAILROAD COMPANY, PROSECUTOR-APPELLANT, v. BOARD OF PUBLIC UTILITY COMMISSIONERS OF THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.

Submitted February 14, 1936—Decided May 14, 1936.

For the appellant, *W. Holt Apgar.*

For the respondent, *John A. Bernhard.*

PER CURIAM.

If this matter is properly before the court it is controlled by the result reached by us in *Pennsylvania Railroad* v. *Board of Public Utility Commissioners,* 116 *N. J. L.* 415, thus calling for an affirmance.

The matter was not heard by the Supreme Court upon a writ of *certiorari* but upon a rule to show cause why such a writ, in the discretion of that court, should not issue.

True, counsel for the respective parties entered into a stipulation "that the testimony that shall be taken and submitted at that time (argument on the rule to show cause) together with the arguments of counsel, &c., when considered by the court, shall be of the same force and effect as if this rule to show cause was an actual writ of *certiorari* and the determination of the court shall be such as to finally determine as to whether or not an order should be made setting aside the order of March 22d, 1934,  *   *   *."

But there is nothing in the record before us showing that such stipulation was suggested, directed or approved by the Supreme Court.

The opinion of that court does not so treat it, but, on the contrary, deals with it solely as an application to it to exercise its discretion in allowing and awarding a writ of *certiorari.*

The Supreme Court cannot thus, and in such manner, be deprived of its discretion.

In a proceeding of this character there is no right of appeal from a dismissal of a rule to show cause. *Johnson* v. *Board, &c.,* 107 *N. J. L.* 380; *Frazier Co.* v. *Long Beach et al.,* 110 *Id.* 221; *Post* v. *Anderson et al.,* 111 *Id.* 303.

The appeal is dismissed, with costs.

*For dismissal*—THE CHANCELLOR, CHIEF JUSTICE, DONGES, HEHER, PERSKIE, HETFIELD, DEAR, WOLFSKEIL, RAFFERTY, JJ. 9.